# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

VADIM VLADIMIROVICH SAVIMSKIY,

    Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

    Respondent.

Case No. C11-2122-RAJ-BAT

**REPORT AND RECOMMENDATION**

Petitioner, a native and citizen of Russia, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention and seeking an order directing respondent to release him from detention. (Dkt. No. 4.) Respondent has filed a return and motion to dismiss along with documentation, indicating that petitioner was released from custody under an order of supervision on February 9, 2012. (Dkt. No. 10.) Respondent asserts that because petitioner has been given the relief sought in his habeas petition – release from detention – this matter has become moot and should be dismissed. *Id.*

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388,

REPORT AND RECOMMENDATION - 1

395 (1980). For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id.* "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequence that may be redressed by success on the petition." *See Abdala v. Immigration and Naturalization Serv.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (internal quotation marks omitted).

As respondent asserts, petitioner's habeas petition challenged only his continued detention and sought an order directing his release. Because petitioner has been released from immigration detention, the petition has become moot and should be dismissed. *See Abdala*, 488 F.3d at 1065 (holding that removal mooted habeas challenge to length of detention); *see also Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed).

For the foregoing reasons, the Court recommends that petitioner's habeas petition (Dkt. No. 4) be **DENIED**, respondent's motion to dismiss (Dkt. No. 10) be **GRANTED**, and this case be **DISMISSED** with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 28th day of February, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge